UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BETTY ANN GAMBLE,<br><br>                    Plaintiff,<br><br>        v.<br><br>U.S. BANK, N.A., et al.,<br><br>                    Defendant. | NO:  13-CV-0263-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Protective Order Regarding Confidential Material (ECF No. 23).  Pursuant to the parties' stipulation, the Court hereby enters the following protective order:

A party or a non-party disclosing or producing information, documents, or things in this matter ("Producing Party") may designate such information, documents, or things as Confidential Material under the following terms and conditions:

PROTECTIVE ORDER ~ 1

1.    **Categories of Confidential Material**

For the purpose of this Order, "Confidential Material" is non-public information that the Producing Party reasonably believes is private, personal, confidential, proprietary, trade secret, and/or sensitive.  This Order shall apply to Confidential Material in all answers, responses, documents, and testimony, as well as in all pleadings, discovery papers, briefs, summaries, notes, abstracts, or other documents which comprise, embody, summarize, discuss or quote from any such answers, responses, documents, or testimony, including memoranda or work product prepared by counsel, their staff, or authorized outside consultants or experts.

2.    **Designation of Confidential Material**

Any documents or information deemed by the Producing Party to be Confidential Material shall be marked or stamped by the Producing Party with the legend "CONFIDENTIAL."    Stamping or marking material as "CONFIDENTIAL" shall constitute a good faith representation by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to this Order.

3.    **Depositions**

(a)    If Confidential Material is marked as a deposition exhibit, such exhibit shall retain its designated status as Confidential Material.

(b)     With respect to deposition or other pre-trial testimony, designation of the testimony as Confidential Material may be made by (a) a statement on the record by counsel during the deposition or other pre-trial testimony that the testimony shall be treated as Confidential Material; or (b) by written notice, sent by counsel, within ten (10) business days after receiving a copy of the transcript of such testimony, that such testimony shall be treated as Confidential Material.

**4.      Restrictions on Disclosure of Confidential Material**

Confidential Material shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a)     This Court (and any appeals court that may review this litigation) and its judges, officers, and supporting personnel (e.g., staff, clerks, and court reporters, etc.);

(b)     The parties to this litigation, and all agents, officers, or employees of the parties;

(c)     Outside counsel of record to any party to this litigation;

(d)     In-house counsel to any party to this litigation;

(e)     Court reporters in this litigation;

(f)     Fact witnesses in this litigation, to the extent disclosure is reasonably necessary, in connection with their testimony or in preparation thereof;

PROTECTIVE ORDER ~ 3

(g)     Outside experts, advisors, or consultants retained for purposes of assisting in this litigation, to the extent disclosure is reasonably necessary, in connection with their testimony or in preparation thereof, provided, however, that such person shall execute the Undertaking attached as Exhibit A hereto.

(h)     The terms counsel, expert, advisor, and consultant as used herein include all staff, employees, and vendors assisting any such counsel, expert, advisor, or consultant in connection with this litigation.

**5.     Submission to Court**

To the extent possible, all documents containing Confidential Material shall be redacted prior to filing with the Court or use as a trial or other exhibit to remove the Confidential Material.   The party wishing to file a document containing Confidential Material shall confer with the Producing Party to attempt to reach agreement on an appropriate redaction.   The parties agree that Confidential Material will not be filed with the Court in any pre-trial filing unless the party seeking to file such information has a good faith belief that the filing of the Confidential Material is actually necessary.

In the event that Confidential Material cannot be redacted from a document to be filed, the Confidential Material should be filed via ECF under seal as a proposed sealed document, accompanied by a publicly filed motion to seal identifying the Confidential Material as Confidential Material under this Order.

The Producing Party will be responsible for taking all steps necessary for the filing of Confidential Material under seal.  Notice of the intended filing of Confidential Material shall be given to the Producing Party as far in advance of filing as is reasonably practicable.  The parties agree that the Producing Party who made the Confidential designation shall bear the ultimate burden to show that any Confidential Material is in fact Confidential Material, and likewise shall bear the ultimate burden to support any motion to seal under applicable law.

The parties agree to use best efforts to raise any potential issues regarding Confidential Material to be presented at trial or in an evidentiary hearing as far in advance as reasonably possible.

**6.    Objection to Designation**

Any party may contest the designation of any document or information as Confidential Material.  The parties shall confer in good faith to resolve any such disagreements.  This Court shall determine any unresolved disputes.

**7.    Disclosure**

(a)    <u>Inadvertent Disclosure</u>.  If, through inadvertence, the Producing Party produces Confidential Material during the course of this litigation without designating the material as set forth herein, the Producing Party may subsequently provide notice in writing of the confidential nature of the material and the

Confidential Material designation.  All parties shall thereafter treat the disclosed material as Confidential Material in accordance with this Order.

(b)    <u>Required Disclosure</u>.  In the event that any person in receipt of Confidential Material shall receive a written request, subpoena, or court order seeking disclosure of said Confidential Material, such person shall promptly notify counsel for the Producing Party of, and provide a copy of, the request, subpoena, or court order, sufficiently in advance of such disclosure to allow that party to object.

(c)    <u>Unauthorized Disclosure</u>.  If Confidential Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make every effort to correct the disclosure and to prevent further disclosure including further disclosure by the recipient of such material.

## 8.    Limitation on Use and Survival

(a)    Any Confidential Material made available during the course of this litigation shall be used solely for the purposes of this litigation and shall not be disclosed or used by the recipient(s) for any other purpose whatsoever.   This

1  obligation shall not limit counsel from using his or her work product for any

2  purpose.

3       (b)   All obligations and duties arising under this Order shall survive the

4  termination of this litigation.  This Court retains jurisdiction over the parties hereto

5  respecting any dispute regarding the improper use of information disclosed under

6  protection of this Order.

7  **9.   Producing Party's Use**

8       Nothing in this Order shall limit any party or person in the use of its own

9  documents, things, and/or information for any purpose, from disclosing its own

10  Confidential Material to any person, or from consenting to the disclosure of its

11  own Confidential Material.

12  **10.   Independent Source**

13       This Order does not prohibit the use or disclosure of confidential material

14  obtained from an independent source even if such material is designated as

15  Confidential Material under this Order.  Where such information is obtained from

16  another source and is additionally contained in materials designated Confidential

17  Material, the specific Confidential Material provided by the Producing Party shall

18  continue to be treated as Confidential Material.  The restrictions on use and

19  disclosure set forth herein shall not apply to information that, prior to being

20  obtained pursuant to this Order, either is in the possession or knowledge of a

PROTECTIVE ORDER ~ 7

1   receiving party or is demonstrably public knowledge.  The restrictions, uses, and

2   disclosures set forth herein shall not apply to information that, after being obtained

3   pursuant to this Order, becomes demonstrably public knowledge, other than by act

4   or omission by the receiving party.

5   **11.    Return or Destruction**

6          At the conclusion of this litigation, all Confidential Material, and all copies

7   of Confidential Material or any derived summaries, memoranda, or other records

8   containing Confidential Material shall be destroyed, with the receiving party

9   providing a certification of destruction, or returned to counsel for the Producing

10  Party.  Counsel for each party may retain an archival copy of any item identified as

11  Confidential Material that is attached as an exhibit to any deposition or pleading,

12  and may retain all documents, things, copies, or samples to the extent that they

13  include or reflect such counsel's work product.  The obligations of confidentiality

14  provided for herein attach to all such retained Confidential Material.

15  **12.    Protection of Third Parties**

16         This Order protects all parties to this litigation.  In addition, any entity or

17  individual which is not a party to this litigation may take advantage of the

18  protection of Confidential Material provided by this Order, and such entity or

19  individual shall be entitled to all rights and protections afforded under this Order.

20

1    **IT IS SO ORDERED.**

2        The District Court Executive is hereby directed to enter this Order and

3    furnish copies to counsel.

4        **DATED** November 21, 2013.

5

6    
                        THOMAS O. RICE

7                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

PROTECTIVE ORDER ~ 9

**<u>EXHIBIT A</u>**

**UNDERTAKING**

I acknowledge that I am about to receive Confidential Material protected by the Stipulated Protective Order Regarding Confidential Material (the "Protective Order") entered by the Court in *Gamble v. U.S. Bank, N.A., et al.*, No. 13-CV-0263-TOR in the United States District Court for the Eastern District of Washington.

I have read the Protective Order, and I understand that I am bound by the terms of the Protective Order with regard to all Confidential Material provided to me.  I agree to comply with all of the terms of the Protective Order.  Without limitation, I understand that all documents and information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and information, shall not be disclosed to anyone other than persons expressly qualified under the Protective Order to have access to such information.  I consent to personal jurisdiction of the United States District Court for the Eastern District of Washington in any proceedings that refer or relate to my obligations under this Undertaking.

_____    _____

Date                                    Signature

PROTECTIVE ORDER ~ 10